IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COBY HAAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-19-4606 |
| | § | |
| ST. LUKES COMMUNITY | § | |
| DEVELOPMENT CORPORATION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

Coby Haas was fired from his position as a computed tomography technician at St. Luke's Health – The Vintage Hospital, in Houston, Texas. (Docket Entry No. 1-A-2). Haas's original state-court petition alleged that the Hospital discriminated against him on the basis of his disability—posttraumatic stress disorder—and retaliated against him for exercising his right to request a reasonable accommodation, both in violation of the Texas Labor Code, § 21.001, *et seq*. (*Id.*). Haas sued St. Luke's Community Development Corporation the Vintage d/b/a Chi St. Luke's Health – The Vintage Hospital, CommonSpirit Health, and St. Luke's Health System Corporation in state court. (*Id.*). Haas amended his petition to allege violations of the Americans with Disabilities Act, 42 U.S.C. § 12112, *et seq.*, and the defendants timely removed. (Docket Entry Nos. 1-A-9, 1). The defendants then moved to dismiss Haas's amended petition for lack of subject-matter jurisdiction and for failure to state a claim; Haas responded; and the defendants replied. (Docket Entry Nos. 3, 8, 9).

Based on the amended pleading, the motion and responses, the record, and the applicable law, the court grants the defendants' motion to dismiss, with prejudice, because both Haas's state

and federal claims are time-barred and amendment would be futile. The reasons for this ruling are set out below.

I. **Background**

The allegations are taken from the original and amended petitions. Coby Haas worked as an x-ray technician in a military hospital from 2003 to 2005. (Docket Entry No. 1-A-2 at 2). Haas alleges that he has posttraumatic stress disorder from working in that hospital. (*Id.* at 2–3). After his honorable discharge in 2008, he became a computed technography technician and began working for the defendants at The Vintage Hospital in September 2015. (*Id.* at 3).

Haas alleges that in spring 2017, he was assigned to work in the Hospital's operating room. (*Id.*). Haas alleges that the idea of working in an operating room triggered his PTSD, and he requested a reasonable accommodation. (*Id.*). Haas alleges that the Hospital ignored his request and engaged in a series of discriminatory and retaliatory actions that resulted in his termination on July 12, 2017. (*Id.* at 2–6). Haas attempted to appeal his termination, but he was allegedly told that there was no right to appeal. (*Id.* at 7–8). In May 2018, Haas filed a charge of discrimination with the EEOC and received a right-to-sue letter that shows a mailing date of June 5, 2019. (Docket Entry No. 1-A-9 at 23; Docket Entry No. 1-A-9-17).

On September 3, 2019, Haas filed suit in state court, alleging violations of the Texas Labor Code. (Docket Entry No. 1-A-2). In November 2019, after the defendants challenged the state court's jurisdiction because Haas's claims were filed too late to meet a jurisdictional deadline, Haas amended his petition to assert violations of the Americans with Disabilities Act, 42 U.S.C. § 12112, *et seq*. (Docket Entry No. 3 at 3; Docket Entry No. 1-A-9). The defendants timely removed on the basis of federal-question jurisdiction, and moved to dismiss on the ground that Haas's state and federal claims were time-barred. (Docket Entry Nos. 1, 3). Haas responded that

2

his new claims were part of his original petition because it can be read liberally to include any claims that he could have initially pleaded, even if he did not do so then. (Docket Entry No. 8 at 5).

## II. The Legal Standard

### A. Rule 12(b)(1)

A claim must be dismissed if the court lacks subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). In ruling on a motion to dismiss for lack of subject-matter jurisdiction, courts may evaluate: (1) the petition alone; (2) the petition supplemented by undisputed facts evidenced in the record; or (3) the petition supplemented by undisputed facts plus the court's resolution of disputed facts. *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). The party invoking jurisdiction has the burden of proving it exists, by a preponderance of the evidence. *See Three Expo Events, L.L.C. v. City of Dall.*, 907 F.3d 333, 343 (5th Cir. 2018).

### B. Rule 12(b)(6)

To survive a Rule 12(b)(6) motion, a plaintiff must plead facts that, taken as true, state a plausible claim for relief. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

The court should generally give a plaintiff at least one chance to amend under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012); *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) ("[Rule 15(a)] evinces a bias in favor of granting leave to amend." (quotation omitted)); *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). "Whether leave to amend should be granted is entrusted to the sound discretion of the district court." *Pervasive Software*, 688 F.3d at 232 (quotation omitted). "A motion to dismiss may be granted on a statute of limitations defense where it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling." *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014).

## III. Analysis

As a preliminary manner, federal jurisdiction exists because Haas's amended petition raises issues of federal law. *Gilbert v. Donahoe*, 751 F.3d 303, 311 (5th Cir. 2014). The defendants' motion to dismiss for lack of subject-matter jurisdiction is denied. The court analyzes the motion to dismiss as one based on a failure to state a claim.

In his original petition, Haas alleged violations of the Texas Labor Code. (Docket Entry No. 1-A-2). The Texas Labor Code, § 21.202(a), requires a plaintiff to file a complaint with the Texas Workforce Commission "no later than the 180th day after the alleged unlawful employment practice occurred." This deadline is both "mandatory and jurisdictional." *Ajayi v. Walgreen Co.*, 562 F. App'x 243, 245 (5th Cir. 2014) (quoting *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996)). The last incident of unlawful employment practices Haas alleges occurred on July 12, 2017, when Haas was fired. (Docket Entry No. 1-A-2 at 6). Haas does not

allege that he filed any complaint with the Texas Workforce Commission.[1] Haas filed his original petition in state court on September 3, 2019. (Docket Entry No. 1-A-2). Haas failed to first file a complaint with the Texas Workforce Commission within the required time, a jurisdictional requirement for his state-law claims.

The defendants argue that the federal claims alleged in the amended petition are untimely because they were asserted in November 2019, more than 90 days after Haas received the EEOC right-to-sue letter. Because Haas filed suit in state court, Texas law governs and relation back does not apply. *Barrett v. Am. Airlines, Inc.*, 711 F. App'x 761, 763 (5th Cir. 2017) ("State law governs whether an amended pleading filed in state court relates back to the date of an earlier pleading."). Texas law provides that an amended pleading cannot relate back to an earlier pleading if that earlier pleading was "subject to a plea of limitation when the pleading is filed." TEX. CIV. PRAC. & REM. CODE § 16.068. Haas's original petition was not timely under state law, preventing his federal claims in the amended petition he filed in state court from relating back to the date he first filed suit.

Haas argues that his original petition can be read to include the federal claims, making them timely. (Docket Entry No. 8 at 5). A plaintiff bringing claims under the Americans with Disabilities Act must file suit within 90 days of receiving a right-to-sue letter from the EEOC. *Wright v. LBA Hosp.*, 754 F. App'x 298, 299 (5th Cir. 2019) ("[W]e note that she obtained a right to sue letter from the EEOC and was required to bring her claims under the Americans with Disabilities Act within 90 days of receiving that letter."). Haas filed his charge of discrimination

---

[1] Haas filed a claim for unemployment benefits with the Texas Workforce Commission, which held a hearing on the claim. (Docket Entry No. 1-A-2 at 9–13). But Haas does not allege that his discrimination claim was raised at this time.

with the EEOC on May 3, 2018, and the EEOC mailed his right-to-sue letter on June 5, 2019.[2] (Docket Entry No. 1-A-9-17). Haas filed his original petition on September 5, 2019, within the 90-day window, but he did not allege any Americans with Disabilities Act violations in that petition. Haas argues that his amended petition was "mere clarification and added no new claims." (Docket Entry No. 8 at 5). Haas explains that in his original petition, he cited to the Americans with Disabilities Act to support his Texas Labor Code claim. (*Id.* at 6). In that petition, he cited *Tabatchnik v. Cont'l Airlines*, 262 F. App'x 674, 676 (5th Cir. 2008) and stated that "[s]ince the stated purpose of Section 21 of the Texas Labor Code is to '(3) provide for the execution of the policies embodied in Title I of the Americans with Disabilities Act of 1990 and its subsequent amendments . . .' it is important to look to interpretation of the federal statute for guidance." (Docket Entry No. 1-A-2 at 28). He did not state a claim under the Americans with Disabilities Act, but only under the Texas Labor Code.

Haas relies on *Zamora v. GC Servs., L.P.*, 647 F. App'x 330 (5th Cir. 2016), and *Hernandez v. Belt Con Const., Inc.*, No. EP-15-CV-00153-FM, 2015 WL 5542502 (W.D. Tex. Sept. 18, 2015). In both cases, the plaintiffs filed employment-discrimination claims in state court and later amended to add federal claims. The defendants timely removed and then moved to dismiss or for summary judgment based on limitations. The courts held that reading the petitions liberally, federal claims could be reasonably inferred. But in these cases, the plaintiffs did not allege either a state law or a federal statute as the basis for their original pleading. "Cases in which courts have found that both state and federal law employment discrimination claims could be reasonably

---

[2] The Fifth Circuit instructs that "where the date of receipt is not known, courts should apply a presumption that the plaintiff received the notice in three days." *Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 267 (5th Cir. 2015). Haas does not state when he received the letter, but uses June 5, 2019, plus three days, as the baseline for calculating a filing deadline in his response. (Docket Entry No. 8 at 3–4). Haas's petition was timely based on either the date of mailing or the presumed date three days later.

inferred involved petitions that did not incorporate any particular statutory provision, thus leaving open the possibility of the claim being under federal law, state law, or both." *Barrett*, 711 F. App'x at 764 (discussing *Zamora* and *Hernandez*, among others). By contrast, as the Fifth Circuit explains, "when a petition lists a specific cause of action, courts usually do not infer another cause of action." *Id.*

This case is similar to *Barrett v. American Airlines, Inc.*, 711 F. App'x 761, 763–64 (5th Cir. 2017), in which the plaintiff initially alleged that her employer had "violated Texas Labor Code Ann. 21.051," and later amended her petition to add claims under Title VII. The Fifth Circuit held that "[b]y listing the state law cause of action and not specifying [a] federal law cause of action under Title VII, it cannot be reasonably inferred that [the plaintiff] sought relief under *both* state and federal law." *Id.* at 764. Haas listed two specific Texas Labor Code provisions as the causes of action in his original petition. (Docket Entry No. 1-A-2 at 15, 18). The court cannot infer that he also alleged a federal claim until he amended his petition in November 2019, after the 90-day period to bring his claim had passed. The fact that Haas referred to the Americans with Disabilities Act in his original petition does not change this outcome.

Because both Haas's state-law claims and his federal claims were untimely when filed, the court grants the defendants' motion to dismiss, with prejudice.

**IV. Conclusion**

The defendants' motion to dismiss for failure to state a claim is granted, with prejudice. (Docket Entry No. 3). Final judgment is entered by separate order.

SIGNED on January 9, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

7